IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TONY SYLVESTER FORD/ | : | CIVIL ACTION |
| ANTHONY SYLVESTER FORD | : | |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT PIAZZA, ET AL. | : | NO. 07-4855 |

## ORDER-MEMORANDUM

**AND NOW**, this 30th day of July, 2008, upon careful and independent consideration of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Docket No. 1) and all attendant and responsive briefing, and after review of the Report and Recommendation of United States Magistrate Judge Peter B. Scuderi (Docket No. 9), and consideration of Petitioner's Objections to the Magistrate Judge's Report and Recommendation (Docket No. 11), **IT IS HEREBY ORDERED** that:

1. Petitioner's Objections are **OVERRULED**;

2. The Report and Recommendation of Judge Scuderi is **APPROVED** and **ADOPTED**;

3. The Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 is **DENIED** with prejudice and **DISMISSED** without an evidentiary hearing; and

4. There is no basis for the issuance of a certificate of appealability.

On March 3, 2005, Tony Sylvester Ford ("Petitioner") pleaded guilty to the crimes of kidnaping, robbery, and criminal attempt to commit involuntary deviate sexual intercourse ("IDSI"). He was subsequently sentenced to an aggregate term of eight to sixteen years of imprisonment. After filing a petition pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541, et seq., which was denied, he filed the instant pro se petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2254. We referred this matter to United States Magistrate Judge Peter B. Scuderi for a Report and Recommendation. The Magistrate Judge recommended that the petition be denied. On July 14, 2007, Petitioner filed timely objections to the Report and Recommendation.

As the Report states, Petitioner's claims for relief fall into two categories: first, he claims that his guilty plea was not made voluntarily or knowingly, and second, he claims that his trial counsel provided ineffective assistance.

As to Petitioner's claim regarding the validity of his guilty plea, he first asserts that his guilty plea was not knowing because his plea counsel, J. David Farrell ("Farrell"), failed to accurately inform him, on the record, of the elements of the offense of robbery. In explaining the elements of robbery during the plea hearing, Farrell stated: "[I]n the course of committing an offense you feloniously did threaten or intentionally did put another in fear of immediate serious bodily injury." (N.T. 3/3/05, at 12.) Petitioner contends that Farrell's use of the word "offense," instead of the word "theft," when explaining the elements of robbery, rendered his guilty plea involuntary. On PCRA review, the state court rejected this claim, concluding that based on the totality of the circumstances surrounding the guilty plea colloquy, Petitioner failed to demonstrate that Farrell's misstatement invalidated the guilty plea. Commonwealth v. Ford, 928 A.2d 1121 (Pa. Super. 2007); No. 2623 EDA 2006, at 5 (Pa. Super. Ct. Apr. 9, 2007). Significantly, the state court noted that, during the same hearing, Petitioner confirmed the Commonwealth's recitation of the underlying facts for this charge as follows:

> Q. Okay. With regards to the robbery offense . . . are you accepting as a factual basis for your plea that you did, in fact, commit a <u>theft</u> of [the victims] by force and threats that intentionally put them in fear of immediate serious bodily injury on the date of

     October 5, 2003[,] in Montgomery County?  Do you accept that as true?

     A.  Yes.

Id. at 7 (citing N.T. 3/3/05 at 18) (emphasis in state court opinion).  The Magistrate Judge concluded, therefore, that not only did Petitioner accept as true the factual basis for his plea with respect to this charge, he was also given an accurate definition of robbery.  In his Objections to this portion of the Magistrate Judge's Report, Petitioner merely repeats his assertions and urges us to look at the plea colloquy as a whole.  Having reviewed the plea colloquy as a whole, we agree with the Magistrate Judge's reasoning and conclusion.  We therefore find that this claim is without merit.

     Petitioner also asserts that his plea was invalid because Farrell failed to define the offense of criminal attempt to commit IDSI, and the Commonwealth failed to provide a factual basis for this offense.  In evaluating this claim, the state court noted:

> [T]he Commonwealth originally charged [Petitioner] with IDSI, but prior to the plea colloquy, the Commonwealth amended the bill of information from IDSI to criminal attempt to commit IDSI.  Pursuant to [state law], "A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." . . . Likewise, IDSI is defined . . . as engaging in deviate sexual intercourse with a complainant, "by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution."  Hence, the crime of IDSI occurs when an actor, by physical compulsion or threats thereof, coerces a victim to engage in acts of anal and/or oral intercourse.
>
> During the plea colloquy counsel advised [Petitioner] as follows:
>
> Q.  Now, the other Bill of Information in that event has been amended to an attempt to commit involuntary deviate sexual intercourse . . . I'm going to read that definition . . . [T]o be convicted of involuntary deviate sexual intercourse, the Commonwealth would have to show that [Petitioner] did feloniously engage in deviate sexual intercourse with the complainant.  Now, in this case, that's not alleged what happened, but that someone acting in consort with you or a coconspirator compelled another two individuals to perform a deviate sexual act.  Do you understand that?
>
> A.  Yes.

Commonwealth v. Ford, 928 A.2d 1121 (Pa. Super. Ct. 2007); No. 2623 EDA 2006, at 9-10 (Pa. Super. Ct. Apr. 9, 2007) (citations omitted).  Later, during the plea colloquy, the Commonwealth provided the factual basis for the plea, which Petitioner confirmed:

> Q. [T]he factual basis for your plea [with respect to attempted IDSI] is that you and your coconspirator did feloniously force the victims in this case . . . to perform deviate sexual intercourse on each other at yours [sic] and your coconspirator's direction; is that correct?
>
> A. Yes.

Id. at 10.  The state court again found that under the totality of the circumstances, Petitioner entered his guilty plea knowingly.  The state court stated:

> While the plea colloquy did not specifically enumerate the two elements of criminal attempt, counsel informed [Petitioner] that the bill of information had been amended to criminal attempt – IDSI and advised him of the nature of the underlying offense. Thereafter, [Petitioner] confirmed facts that would support that he actually completed the underlying offense of IDSI.  By implication, therefore, [Petitioner] must also concede that those same facts demonstrated (1) he intended to commit the crime of IDSI and (2) he took a substantial step toward its commission.

Id. (citations omitted).

The Magistrate Judge agreed, and we concur, with the state court's analysis, and we find that the offense of criminal attempt to commit IDSI was adequately defined during the guilty plea process and that a sufficient factual basis was provided for the plea.

In his Objections, Petitioner asserts generally that his plea should not have been accepted, that he was coerced into accepting the plea agreement, that he was not sure to what crimes he was pleading guilty, and that during the plea colloquy, the trial judge failed to ask him the "Six Mandatory Questions" to ensure that he understood the plea agreement.  Petitioner also urges us to review the transcript from his sentencing hearing, which he claims supports these assertions.

4

A habeas petitioner challenging the voluntary nature of his or her guilty plea faces a heavy burden. Zilich v. Reid, 36 F.3d 317, 320 (3d Cir. 1994) ("[T]he representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations made in open court carry a strong presumption of verity."). Petitioner's assertions that he was coerced into the plea agreement and that he was not sure of the crimes to which he was pleading guilty do not satisfy this heavy burden as they are not supported by the record.

As to his argument that the trial judge failed to ask the "Six Mandatory Questions" and that this necessarily invalidates his guilty plea, this argument is also without merit. We assume that by the "Six Mandatory Questions," Petitioner is referring to the comment of Pennsylvania Rule of Criminal Procedure 590, which states that a plea colloquy should address: (1) the nature of the charges; (2) the factual basis for the plea; (3) the right to a jury trial; (4) the presumption of innocence; (5) the sentence ranges; and (6) the court's ability to deviate from any recommended sentence. See Pa. R. Crim. P. 590, comment; but see Commonwealth v. Flanagan, 854 A.2d 489, 500-01 (Pa. 2004) (noting that although complete failure to inquire into one of these areas generally requires reversal, more recent cases have developed a totality of the circumstances standard). The mandatory nature of these questions is a matter of state law. Federal habeas relief, however, is available solely for violations of federal law. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Moreover, a review of the plea colloquy indicates that Petitioner was informed of the nature of the charges, the factual basis for the plea, his right to proceed to trial, and the sentencing ranges. Additionally, during the plea colloquy, Farrell reviewed with Petitioner the guilty plea agreement in which Petitioner had indicated in writing that he understood he would be presumed innocent if

he chose to go to trial, and that the sentencing judge would not be bound by any recommended sentence. (N.T. 3/3/05, at 10; Exh. D-1.) Farrell asked Petitioner whether he would respond in the same fashion were he to be asked these questions again in court, and Petitioner responded in the affirmative. (Id.) Consequently, we find this objection concerning the "Six Mandatory Questions" to be meritless.

Lastly, Petitioner urges us in his Objections to review the transcript from his sentencing hearing. We have reviewed the transcript and while Petitioner did express displeasure with his predicament at his sentencing, it does not lead us to conclude that he did not voluntarily and knowingly enter into the plea agreement.

In total, we find that the state court decision regarding the validity of Petitioner's plea agreement was not contrary to clearly established federal law, nor based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Consequently, Petitioner is not entitled to habeas relief based on this claim. See 28 U.S.C. § 2254(d).

Petitioner's second claim is that his counsel was ineffective for failing to properly explain the elements of the crimes of robbery and IDSI. Claims of ineffective assistance of counsel are evaluated under the standard announced in Strickland v. Washington, 466 U.S. 668, 687 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Id. at 687. In the context of guilty plea challenges based on claims of ineffective assistance, "the

[petitioner] must show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" in order to satisfy the Strickland prejudice requirement. Hill v. Lockhart, 474 U.S. 52, 59 (1985). Furthermore, "[a] defendant alleging ineffective assistance of counsel in the guilty plea context must make more than a bare allegation that but for counsel's error he would have pleaded not guilty and gone to trial." Parry v. Rosemeyer, 64 F.3d 110, 118 (3d Cir. 1995). Petitioner is entitled to relief pursuant to his claim of ineffective assistance if the state court decision rejecting this claim was either "contrary to, or involved an unreasonable application of" the Strickland standard. Williams v. Taylor, 529 U.S. 362, 391 (2000).

In dismissing Petitioner's ineffective assistance claim relating to the robbery charge, the state court noted:

> [Petitioner's] trial counsel, [Farnell], appeared and testified at the PCRA hearing. . . . [He] testified that he explained the applicable criminal elements to [Petitioner] in private conference prior to the guilty plea which was taken in open court. He specifically recalled explaining the elements of the crimes charged to [Petitioner], as it was his custom to go through all of the elements of the offense charged before a defendant pleads guilty. Furthermore, [Farnell] met with [Petitioner] on numerous occasions and discussed the elements of each crime he was charged with. At no time did [Petitioner] notify [Farnell] to express confusion with regard to the terms of the plea agreement.
>
> * * *
>
> [T]his court was presented with unrebutted testimony establishing that the elements of robbery had been fully explained to and understood by [Petitioner]. Without anything more than a simple assertion that the elements of the crime of robbery were not explained properly to him, [Petitioner]'s claim for PCRA relief must be denied. [Petitioner] has not met his burden in establishing counsel was ineffective.

Commonwealth v. Ford, Crim. No. 8216-03, op. at 4-5 (Montgomery Cty C.C.P. Nov. 15, 2006). As discussed above, Farrell's misstatement in court as to the elements of robbery did not render

Petitioner's plea unknowing and involuntary.  Additionally, the state court found credible Farrell's testimony at Petitioner's PCRA hearing that he had fully explained the elements of robbery to Petitioner prior to the entry of the guilty plea.  See 28 U.S.C. § 2254(e)(1) (stating that factual issues determined by a state court are presumed to be correct and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence).  In his Objections, Petitioner asserts that the record clearly shows that Farrell did not know the elements of robbery and thus could not have explained them fully to him.  Farrell's one misstatement during the plea colloquy, in which he substituted the word "offense" for "theft," is not clear and convincing evidence rebutting the state court's factual determination that he fully explained the elements of robbery to Petitioner. Accordingly, Petitioner's objection is without merit and he has failed to establish that his counsel was ineffective in this regard.

In dismissing Petitioner's ineffectiveness claim relating to the criminal attempt of IDSI charge, the state court noted:

> The charge of [IDSI] was amended by the Commonwealth, at [Petitioner's request] to criminal attempt [IDSI] as a compromise with [Petitioner] in order to reach a final resolution of this case. . . .  In additional [Farrell] testified at [Petitioner's] PCRA hearing, that he had explained all elements of the applicable crimes to [Petitioner] prior to the guilty plea. [Petitioner] did not offer any testimony to rebut [Farrell's] testimony, which this Court found credible.

Commonwealth v. Ford, Crim. No. 8216-03, op. at 7-8 (Montgomery Cty C.C.P. Nov. 15, 2006). As discussed above, Farrell's failure to explain the elements of criminal attempt IDSI, in open court, did not render Petitioner's plea unknowing and involuntary.  In addition, the state court found credible Farrell's testimony that he did in fact review with Petitioner the elements of the crimes charged.  Id.  In his Objections, Petitioner argues that, contrary to the state court's determination,

Farrell could not have explained the elements of attempted IDSI prior to the plea colloquy because that charge was only added to the Bill of Information during the plea colloquy and, thus, Farrell would not have had any reason or opportunity to have done so. We find this argument to be unavailing. The state court noted that the change to the Bill of Information was a compromise between the Commonwealth and Petitioner. Therefore, Farrell was no doubt aware prior to the plea colloquy that the Commonwealth was going to amend the Bill of Information during the plea hearing. Thus, he would have had ample reason and opportunity to explain the elements of attempted IDSI to Petitioner as found by the state court. Consequently, Petitioner's argument simply does not rebut by clear and convincing evidence the state court's factual determination. Accordingly, Petitioner's objection is without merit and he has failed to establish that his counsel was ineffective in this regard.

BY THE COURT:

s/ John R. Padova, J.
John R. Padova, J.